UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Leirer, | ) | CASE NO. 1:05 CV 1404 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| State of Ohio, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendants State of Ohio and Governor Taft's Motion to Dismiss Plaintiff's Complaint (Doc. 9). Also before the Court is Motion of Defendants Kenneth L. Morckel and Franklin R. Caltrider for Partial Judgment on the Pleadings (Doc. 16). This case arises from the suspension of plaintiff's driver's license after his participation in anti-war activities. For the following reasons, the motion filed by defendants State of Ohio and Governor Taft is GRANTED. The motion filed by defendants Morckel and Caltrider is GRANTED in part and DENIED in part.

1

**FACTS**

*Pro se* plaintiff, Richard Leirer, filed this complaint against defendants, the State of Ohio ("Ohio"), Governor Robert Taft ("Taft") in his individual and official capacities, Director of the Ohio Department of Public Safety Kenneth L. Morckel ("Morckel") in his individual and official capacities and Registrar of the Ohio Bureau of Motor Vehicles Franklin R. Caltrider ("Caltrider") in his individual and official capacities.  The complaint involves the suspension of plaintiff's driving privileges following a request for proof of financial responsibility pursuant to Ohio Revised Code § 4509.101(A)(3)(c).

The following facts are taken from plaintiff's complaint and are presumed true.

During the summer of 2004, plaintiff attended rallies protesting the United States' involvement in the war in Iraq.  In addition, plaintiff peacefully protested a visit by Vice-President Cheney to the City of Parma, Ohio.  Plaintiff's automobile displays anti-war bumper stickers.  According to the complaint, agents of defendant Morckel's office videotaped plaintiff at the rallies.

On or about October 1, 2004, plaintiff received Form 3630 B from the Ohio Bureau of Motor Vehicles (hereafter "the Bureau") requesting that plaintiff provide proof of car insurance. According to plaintiff, he had already provided the Bureau with a copy of his automobile liability insurance.  Nonetheless, on or about November 15, 2004, plaintiff again sent the Bureau proof of insurance via registered mail.  On or about May 10, 2005, plaintiff received notification from the Bureau that his driving and registration privileges had been suspended as of May 5, 2005. Additionally, on or about April 30, 2005, the Bureau selected plaintiff's daughter for a proof of insurance check.

Plaintiff alleges that at all relevant times he was an insured driver, he complied with the applicable laws in producing proof of insurance and defendants were aware of plaintiff's compliance. Plaintiff further alleges that neither he nor his daughter were randomly selected as required by Ohio law. Rather, his driving and registration privileges were suspended in retaliation for exercising his right to political speech.

Plaintiff's complaint contains six counts. Count one is a claim for violation of 42 U.S.C. § 1983. Count two asserts a violation of due process. Count three alleges another Section 1983 claim based on the First, Fifth and Fourteenth Amendments. Count four is a claim for violation of plaintiff's civil rights. Count five is a claim for denial of "liberty rights, due process rights, first amendment rights and sustained damages." Count six asserts a claim for "actual malice."

Defendants Ohio and Taft move to dismiss the complaint. Ohio argues that it is entitled to Eleventh Amendment immunity and, as such, this Court lacks jurisdiction over the claims asserted against it. Taft argues that plaintiff's complaint fails to state a claim for which relief may be granted. Plaintiff opposes the motion.

Defendants Morckel and Caltrider move for partial judgment on the pleadings. These defendants argue that they are entitled to Eleventh Amendment immunity for the claims asserted against them in their official capacities. They further argue that qualified immunity protects them from the claims plaintiff asserts against them in their individual capacities. Plaintiff opposes the motion.

Each motion will be addressed in turn.

1. Motion to Dismiss

   A. State of Ohio

**Standard of Review**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986). This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The party need only show that the complaint alleges a substantial claim under federal law. *Id*.

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*. Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*. Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*. In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).

When presented with a facial attack, the non-moving party "can survive the motion by showing any arguable basis in law for the claim made." *Musson Theatrical*, 89 F.3d at 1248. Thus, such a motion will be granted only if, taking as true all facts alleged in the complaint, the Court is without subject matter jurisdiction to hear the claim. *Matteson v. Ohio State University*, 2000 WL 1456988 *3 (S.D. Ohio Sept. 27, 2000).

**Discussion**

Ohio argues that the Eleventh Amendment's conveyance of sovereign immunity upon the states bars plaintiff's claims. According to Ohio, it has not consented to this lawsuit. In addition, Ohio claims that Congress has not abrogated its sovereign immunity with regard to the claims at issue in this lawsuit. Ohio further argues that it is not a "person" for purposes of Section 1983 and cannot be held liable for the damages plaintiff seeks in his complaint. Plaintiff responds with a litany of arguments, none of which directly respond to Ohio's sovereign immunity defense.

The United States Supreme Court has consistently held that the Eleventh Amendment confers upon the states a sovereign immunity from suits brought by their own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890); *Alabama v. Pugh*, 438 U.S. 781 (1978). The states' sovereign immunity may be overcome only by an unequivocally expressed waiver or a clear Congressional intent to abrogate the states' immunity. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 (1984). In addition, 42 U.S.C. § 1983 was not intended to abrogate the states' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Further, a state is not a "person" as a matter of statutory construction under Section 1983. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989).

Because plaintiff has not alleged any applicable waiver of Ohio's Eleventh Amendment immunity, this Court lacks subject matter jurisdiction over the claims asserted against Ohio.

    B.    Governor Taft

**Standard of Review**

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in

favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). The complaint is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a...complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson-Madison County General Hospital District,* 101 F.3d 702 (6th Cir. Nov. 21, 1996), *unpublished*. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

> Additionally,
>
> the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted.... *pro se* litigants should not be precluded from resorting to the courts merely for want of sophistication.

*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520

(1972)).

### Discussion

Taft argues that plaintiff's complaint fails to satisfy Rule 8(a) of the Federal Rules of Civil Procedure, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specifically, Taft argues that plaintiff fails to allege any facts indicating how he personally performed any act that deprived plaintiff of his constitutionally protected rights. Accordingly, Taft argues that plaintiff has failed to notify him of any legal claim asserted against him and, as such, the complaint should be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff responds that the complaint does contain sufficiently direct and clear allegations against Taft. Specifically, plaintiff argues that Taft is included in the references to "Defendants" in counts two and five of the complaint.[1]  Count two states,

> Defendants directly violated Plaintiff's due process rights as guaranteed by the United States Constitution by suspending driving privileges and registration privileges with full knowledge plaintiff was an insured driver in the State of Ohio and denying a hearing by plaintiff.

Similarly, count five provides,

> Defendant's [sic] denied plaintiff liberty rights, due process rights, first amendment rights and sustained damages due to loss of Income [sic] and benefits, present and future, and is entitled to recover their present value of twenty thousand dollars ([$]20,000.00).

Plaintiff also contends that Taft, as the chief executive officer of the State, is responsible for the actions of every state employee. According to plaintiff, these allegations satisfy the

---

[1]  Although plaintiff points only to counts two and five, other references to "defendants" appear in the complaint.

7

liberal notice pleading requirements set forth under Fed. R. Civ. Proc. 8(a).

Upon review of the complaint, the Court finds that plaintiff has failed to state a claim against Taft.[2]  Taft correctly points out that the complaint does not describe, even in a conclusory fashion, any personal involvement on his part in the events giving rise to the lawsuit.  Although the complaint generally alleges that plaintiff's license was suspended as a result of his anti-war activities, plaintiff does not tie any of these allegations to any conduct engaged in by the governor.[3]  As a result, the complaint fails to put Taft on notice of the claims against him in his personal capacity and does not satisfy the liberal notice pleading requirements set forth in Rule 8(a).  *See, e.g.*, *Kesterson v. Moritsugu*, 149 F.3d 1183, at *4 (6th Cir. June 3, 1998) (in civil rights action plaintiff must "allege that particular defendants performed the acts that resulted in [the] deprivation").[4]  Accordingly, Taft's motion to dismiss must be granted.

---

[2] The Court notes that plaintiff named Taft in both his official and individual capacities.   Taft, however, is entitled to Eleventh Amendment immunity for the claims asserted against him in his official capacity.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).  As such, the Rule 12(b)(6) analysis applies only to the claims asserted against Taft in his individual capacity.

[3] Although not expressly alleged in the complaint, plaintiff argues that, because he is the governor, Taft is liable for the actions of State employees.  State officials, however, cannot be held liable on a theory of respondeat superior in the absence of allegations suggesting that the official either encouraged the specific incident of misconduct or in some other way directly participated in it.  *See Poe v. Haydon*, 853 F.2d 418 (6th Cir. 1988).

[4] The Court reiterates that it is not applying a heightened pleading standard.  The Sixth Circuit has expressly rejected a heightened pleading standard in civil rights cases, even in the face of a qualified immunity defense.  *See, Goad v. Mitchell*, 297 F.3d 497 (6th Cir. 2002).  In *Kesterson*, the dissent argued that the majority opinion resulted in a heightened pleading standard.  The majority

2.      Motion for Judgment on the Pleadings

Defendants Morckel and Caltrider (hereafter "defendants") move the Court for partial judgment on the pleadings.  Plaintiff opposes defendants' motion.

**Standard of Review**

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Where a motion for judgment on the pleadings is based on the argument that the complaint fails to state claim upon which relief may be granted, it is judged under the same standard of review as a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

Thus, the allegations of the complaint must be taken as true and construed liberally in favor of the non-moving party. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  The complaint is not to be dismissed "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). *See also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that a party be given "fair notice of what the [claimant's] claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions."  *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).

"In practice, a. . .complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny*

---

opinion, however, expressly indicates that requiring a plaintiff to allege that particular defendants engaged in the alleged conduct does not equate to a heightened pleading standard.

9

*Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal review. *Fingers v. Jackson-Madison County General Hospital District,* No. 95-5903, 1996 WL 678233 (6th Cir. Nov. 21, 1996). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

**Discussion**

A. Official Capacity Claims

Defendants argue that they are entitled to Eleventh Amendment immunity with regard to plaintiff's claims seeking damages and "other retroactive relief." Plaintiff argues that the "State of Ohio" is not immune from the actions alleged in the complaint because the actions were taken "under color of State law."

As set forth above, the Eleventh Amendments shields the state, as well as state officials, from the claims plaintiff's asserts in his complaint. *Kentucky,* 473 U.S. at 169 (1985). As such, the claims filed against defendants in their official capacities are barred by Eleventh Amendment immunity.[5]

B. Qualified Immunity

Defendants argue that they are entitled to qualified immunity with respect to the damages claims asserted against them. Plaintiff disputes defendants' assertion.

---

[5] Although not expressly argued, the Court finds that the complaint does not seek prospective relief of the type precluding Eleventh Amendment immunity.

"The doctrine of qualified immunity shields government officials from liability, as well as from suit, so long as their official conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hardy v. Jefferson Community College*, 260 F.3d 671 (6th Cir. 2001) citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).   Thus, the Sixth Circuit recently explained:

> The Supreme Court has instructed that a qualified immunity inquiry generally entails two discrete analytical steps.  As a threshold matter, we must ask whether the record, viewed most favorably to the plaintiff, establishes that 'the [defendant's] conduct violated a constitutional right.' *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156, 150 L.Ed.2d 272 (2001); *see also Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).  'If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.' *Saucier*, 533 U.S. at 201, 121 S.Ct. at 2156.  'On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.' 533 U.S. at 201, 121 S.Ct. at 2156; *see also Burchett*, 310 F.3d at 942.

*Cherrington v. Skeeter*, 344 F.3d 631, 636 (6th Cir. 2003).

Although unclear from defendants' brief, it appears that defendants argue that they are entitled to qualified immunity for the following reasons,

- With respect to count one, plaintiff does not plead facts showing a violation of federal constitutional or statutory law;

- As to count two, plaintiff fails to state a violation of due process because he had notice and an opportunity to be heard prior to the suspension of his driver's license;

- With respect to counts three and five, plaintiff fails to allege that either defendant personally took any action against him or his daughter;

- Count four does not state a claim because videotaping citizens does not amount to a constitutional violation.  In addition, plaintiff does not allege that either defendant participated in or was aware of the incident;

- Count six asserts a "claim" for punitive damages, but adds no substantive

allegations.

In response, plaintiff essentially argues that he satisfies the liberal pleading requirements set forth in the Federal Rules of Civil Procedure.  Plaintiff further points out that qualified immunity is unavailable in this case because the right to protest against the government is a clearly established right and defendants should have known that targeting plaintiff for exercising this right would render them liable for damages.  In reply, defendants concede that plaintiff's complaint alleges a violation of a clearly established right.  Defendants also do not appear to dispute that the allegations, if true, amount to a violation of a constitutional right.  Defendants, however, argue that the complaint does not sufficiently allege that they themselves engaged in any unlawful conduct.

Although defendants' argument is expressly based on the affirmative defense of qualified immunity, the Court finds that defendants' request for judgment on the pleadings, in reality, challenges whether plaintiff stated a claim for which relief may be granted.  Although the Court is loathe to "transform" motions, especially in *pro se* cases, the Court finds it appropriate to do so here.  Notably, plaintiff responded to defendants' motion as if it challenged the sufficiency of the allegations.

The Court has reviewed the complaint and the submissions of the parties.  As set forth above, in order to state a claim, plaintiff must allege that a particular defendant engaged in the unlawful conduct alleged in the complaint.  Upon review of the complaint, the Court finds that Caltrider must be dismissed.  Like Taft, there are no allegations suggesting that Caltrider had any personal involvement in the incidents described in the complaint.  The only allegation specifically naming Caltrider alleges that he is "the Registrar for the Ohio Bureau of Motor

Vehicles." (Compl. ¶ 4). Because plaintiff fails to allege any conduct personally engaged in by Caltrider, the complaint fails to state a claim for which relief may be granted against him. As such, Caltrider is entitled to judgment on the pleadings with respect to all causes of actions and requests for relief.

With respect to Morckel, plaintiff alleges the following,

> 14. Agents of defendant Kenneth L. Morckel from the Ohio Dept. of Homeland Security videotaped plaintiff at [a peace rally and political demonstration].
>
> 16. Plaintiff alleges that defendant Kenneth L. Morckel and agents violated plaintiffs [sic] civil rights and orchestrated license suspension as a "chilling effect" on the plaintiff's political expression and in retaliation for plaintiffs [sic] political action in violation of the constitution of the United States. Plaintiff has incurred damages in excess of two hundred thousand dollars.

Although admittedly vague, the Court finds that these allegations are sufficient to put Morckel on notice of the nature of the claim asserted against him in count four. Plaintiff expressly alleges that Morckel violated his civil rights and orchestrated the suspension of his license in order to quell plaintiff's political speech. While the Court questions whether plaintiff will be able to survive summary judgment, the sole issue before this Court at this time is whether the complaint alleges a claim against Morckel. The Court finds that it does.

Morckel also argues that count four fails to state a claim because the act of videotaping an individual does not amount to a constitutional violation. Upon review of count four, however, the Court finds that plaintiff's claim is not limited to the act of videotaping him at political rallies. Rather, count four alleges that plaintiff's license was suspended in retaliation for his participation in political activities. Accordingly, Morckel's argument is rejected.[6]

---

[6] Because Morckel remains a defendant in this case with respect to count four, the Court will not reach defendants' argument as to

While court four specifically names Morckel, no other claim identifies any misconduct engaged in by this defendant.  As such, Morckel is entitled to judgment on the pleadings with respect to the remaining claims asserted in the complaint.[7] The Court notes, however, that the complaint does not contain a separate section setting forth the facts supporting the claims and, instead, facts related to the alleged misconduct are strewn throughout each cause of action.  While the Court finds that the claims other than count four must be dismissed, the factual allegations contained in those sections remain a part of the complaint.  The Court further notes that plaintiff's request for punitive damages, which is contained in "count six" remains pending as to Morckel.  As defendants note, count six seeks punitive damages.  Defendants argue that punitive damages may not be awarded because plaintiff cannot state a claim against Morckel for compensatory damages.  Given this Court's conclusion that count four states a claim for which compensatory damages may be granted, it would be premature to dismiss plaintiff's request for punitive damages.

**CONCLUSION**

For the reasons set forth herein, State of Ohio and Governor Taft's Motion to Dismiss Plaintiff's Complaint (Doc. 9) is GRANTED.  In addition, the Motion of Defendants Kenneth L. Morckel and Franklin R. Caltrider for Partial Judgment on the Pleadings is GRANTED as to

---

whether this Court possesses the authority to reinstate plaintiff's license or order expungement of his driving record at this time. The Court finds this issue more appropriate for disposition at summary  judgment.

[7] Because the Court finds that the claims other than count four fail to state a claim, the Court need not reach defendants' alternative grounds for dismissal, e.g., qualified immunity bars count one because it does not state an actionable claim under Section 1983.

Caltrider.  With respect to Morckel, the motion is GRANTED as to all claims other than count four.

   IT IS SO ORDERED.

                /s/ Patricia A. Gaughan
               PATRICIA A. GAUGHAN
               United States District Judge

Dated: 8/15/05