**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Richard Leirer,** | ) | **CASE NO. 1:05 CV 1404** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **State of Ohio, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Motion of Defendant Kenneth L. Morckel for Summary Judgment (Doc. 28). This case arises from the suspension of plaintiff's driver's license after his participation in anti-war activities. For the following reasons, the motion is GRANTED.

**FACTS**

Plaintiff, Richard Leirer, filed this action against defendants, the State of Ohio, Governor Robert Taft, in his individual and official capacities, Director of the Ohio Department of Public Safety Kenneth L. Morckel ("Morckel"), in his individual and official capacities, and Registrar

1

of the Ohio Bureau of Motor Vehicles Franklin R. Caltrider, in his individual and official capacities.  The complaint involves the suspension of plaintiff's driving privileges following a request for proof of financial responsibility pursuant to Ohio Revised Code § 4509.101(A)(3)(c). Plaintiff alleges that he was not randomly selected as required by the Ohio Revised Code. Rather, plaintiff claims that he was singled out for exercising his First Amendment rights at a political rally.  According to the complaint, plaintiff complied with the proof of financial responsibility request, yet his license was suspended.  Plaintiff further alleges that his daughter also received a proof of financial responsibility request.

In a previous order, this Court dismissed all claims against all defendants with the exception of count four.  That claim remains pending only as to defendant Morckel.  Count four asserts that defendant violated plaintiff's civil rights by orchestrating his license suspension in retaliation for plaintiff's participation in political rallies.

Defendant moves for summary  judgment and plaintiff opposes the motion.

**STANDARD OF REVIEW**

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323.  A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985).  However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

**DISCUSSION**

Defendant argues that he is entitled to summary judgment because there is no evidence that he had any personal involvement in the suspension of plaintiff's license.  Defendant further argues that he is entitled to qualified immunity to the extent plaintiff's claim is based on a theory of respondeat superior.

Defendant offers his own affidavit indicating as follows,

- Until the filing of this lawsuit, defendant had no knowledge of the fact that plaintiff and his daughter were issued a proof of insurance requests by the Bureau of Motor Vehicles;

3

- Defendant was not aware that the driving privileges of plaintiff and his daughter had been suspended;

- Defendant did not order, direct or authorize the Bureau of Motor Vehicles to either issue random sampling letters or suspend the licenses of plaintiff and his daughter;

Plaintiff argues that genuine issues of material fact preclude summary judgment in this case. Plaintiff attaches photographs depicting what appear to be law enforcement personnel with videotapes and cameras. Plaintiff further relies on his own deposition testimony indicating that he noticed an agent from Homeland Security videotaping him at a political protest. He then concludes that the videotaping was directly linked to the random sampling notice and ultimate suspension of his driver's license. Plaintiff claims that he complied with the request for proof of insurance, but his driver's license was nonetheless suspended. According to plaintiff, the only logical explanation is that the two events are connected.

Upon review of the parties' arguments and the evidence submitted, the Court finds that defendant is entitled to summary judgment. Plaintiff fails to provide any evidence, other than an unsubstantiated belief, in support of his position that the random sampling letter and suspension of his license were linked to his expression of political speech. Moreover, plaintiff fails to provide any evidence indicating that defendant Morckel had any involvement in any such activities. In the face of defendant's evidence to the contrary, no genuine issue of material fact exists and defendant is entitled to judgment as a matter of law.[1]

---

[1] Because plaintiff fails to present any evidence in support of his claim, defendant is entitled to summary judgment on count four regardless of whether it is based on a theory of respondeat superior. In addition, plaintiff's requests for reinstatement and punitive damages must be rejected in light of the fact that the

**CONCLUSION**

For the foregoing reasons, the Motion of Defendant Kenneth L. Morckel for Summary Judgment is GRANTED.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/2/05

---

substantive claim fails.